**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF**
**MICHIGAN**

ERICA VOLANSKY, :

Plaintiff(s), :

v. : Case No.
: Jury Trial Demanded

BANK OF AMERICA, NA, TRANSUNION LLC,
EQUIFAX, Inc, AND EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant(s).
_______________________________/

# COMPLAINT

The Plaintiff, Erica Volansky ("Plaintiff"), by and through her attorney, Gudeman & Associates P.C. through attorney Edward J. Gudeman, allege the following against Bank of America, NA, TransUnion LLC, Equifax, Inc., and Experian Information Solutions:

## Nature of Action

1.Plaintiff brings this action against the Defendants, seeking damages and equitable relief, to redress the Defendants Bank of America, NA, TransUnion LLC, Equifax, Inc., and Experian Information Solutions' systemic violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et

seq- hereinafter, "FCRA").

## Parties

1. Plaintiff is a citizen of Michigan residing in Ferndale, County of Oakland, State of Michigan.

2. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio-based foreign profit corporation and credit information provider with a Resident Agent in the City of Plymouth, County of Wayne, State of Michigan.

3. Defendant TransUnion LLC is an Illinois-based foreign profit corporation and credit information provider with a Resident Agent in the City of Lansing, County of Ingham, State of Michigan.

4. Defendant Equifax, Inc. is a Georgia-based foreign profit corporation and credit information provider with a Resident Agent in the City of Lansing, County of Ingham, State of Michigan.

5. Defendant Bank of America N.A., ("Bank of America") is a North Carolina-based foreign entity and a furnisher of information as contemplated by the Fair Credit Reporting Act pursuant to 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about

consumer transactions or experiences with any consumer. Bank of America's Resident Agent is CT Corporation System, City of Plymouth, County of Wayne, State of Michigan.

## Jurisdiction and Venue

6. This Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1367 and 1331.

7. Venue is proper in this Court under 28 U.S.C. 1391 as all Defendants transact business in this jurisdiction.

## Factual Background

8. On July 10, 2025, Erica Volansky had a credit score of 737-727.

9. On August 9, 2025, Erica Volansky's Bank Statement showed that she owed $12,629.27. Please see Exhibit 1.

10. On August 9, 2025, Bank of America processed two (2) payments.

11. One payment was processed for $126.00. Please see Exhibit 2.

12. One payment was processed for the entire balance of

$12,629.27 which was neither authorized nor created by Plaintiff. Please see Exhibit 3.

13. On August 11, 2025, Plaintiff received a text notification from Chase bank showing that her account was overdrawn having a balance of -11,619.13. Please see Exhibit 4.

14. On August 11, 2025, Plaintiff spoke to Fredricka of Bank of America and requested that Bank of America refund the statement balance of $12,629.27.

15. On August 11, 2025, Plaintiff requested a stop payment from Chase Bank and informed Bank of America of the stop payment request.

16. On August 11, 2025, Chase Bank issued a stop payment.

17. On August 12, 2025, Plaintiff received an online statement with a balance of $1,744.96. Please see attached Exhibit 5.

18. On August 19, 2025, in an attempt to rectify its error, Bank of America issued a credit, reference No. 05AJ.

19. On August 20, 2025, Plaintiff received a notification from Bank of America stating that the balance was returned unpaid.

20. The return of $12,629.27 should have left Plaintiff owing a balance of $14,374.23 to Bank of America.

21. Instead, after its incompetent attempt to correct Plaintiff's account, Bank of America showed a balance of $27,003.05 out of a credit limit of $15,000.00.

22. On September 3, 2025, in an attempt to have Bank of America correct her account balance, Plaintiff contacted Bank of America.

23. Instead of helping Plaintiff by having the adjustments made to her account, agent erroneously told Plaintiff to pay $12,629.27 to Bank of America.

24. Plaintiff paid $12,629.27 to Bank of America over a month's time. The final payment was made October 14, 2025.

25. On September 9, 2025, Plaintiff made a payment of $396.00.

26. On September 14, 2025, Plaintiff received an erroneous credit card statement showing a balance of $26,672.72 along with other unsubstantiated adjustments. Please see Exhibit 6.

27. On September 17, 2025, due to the negligent and erroneous charges by Bank of America, American Express notified Plaintiff that her FICO score was reduced to 689.

28. On September 25, 2025, America Express notified Plaintiff that "one of [my] credit cards is over its maximum limit."

29. On October 3, 2025, Plaintiff made a payment of $5,000.00 to further reduce the erroneous balance.

30. On October 5, 2025, Bank of America closed Plaintiff's account ending in XX73.

31. She received notification of same on October 7, 2025. Please see Exhibit 7.

32. On October 6, 2025, Plaintiff made another payment of $5,000.00.

33. On October 7, 2025, Plaintiff spoke with Andrea of Bank of America to have the matter resolved. Tix # 251007DRCP000005.

34. Andrea erroneously advised Plaintiff to wait for a letter from Bank of America.

35. On October 9, 2025, an automatic payment of $331.00 was paid to Bank of America.

36. On October 13, 2025, Plaintiff was informed that her American Express credit limit on her credit card ending in 005 was reduced due to her Bank of America account balance. The decision was made "[b]ased on your credit report, the balance on one or more of your account(s) is too high relative to their limit[.]" and "[y]our FICO score".

Please see Exhibit 8.

37. On October 13, 2025, Plaintiff received an online bill stating that she owed Bank of America $16,346.50. Please see Exhibit 8.

38. On October 14, 2025, Plaintiff made a payment of $2,000.00 to Bank of America.

39. On October 15, 2025, Plaintiff was informed that her American Express credit limit on her credit card ending in 009 was reduced:

> [b]ased on your credit report, the balance on one or more of your account(s) is too high relative to their limit[.]" "[y]our FICO Score", and "[o]ur decision to add or reduce a spending limit to this account is consistent with our previous decision to add or reduce a spending limit or credit limit on your other America Express® account(s).

Please see Exhibit 10

40. On October 16, 2025, Bank of America then issued a letter stating, "[t]he delinquency you inquired about either does not reflect on this account, or it was not 30 or more days past due." Please see Exhibit 11.

41. On October 17, 2025, American Express notified Plaintiff that her credit score had been further reduced to 685.

42. On January 1, 2026, Plaintiff's counsel filed a dispute with the three (3) credit reporting agencies and Bank of America on Plaintiff's behalf in accordance with the FCRA.

43. The credit reporting agencies failed to update the credit reports in accordance with the FCRA to show the correct information.

44. On April 3, 2026, and on April 4, 2026, Plaintiff received an email from Citibank reducing her credit limit on accounts. Please see Exhibit 12.

45. On or around May 11, 2026, Citibank account ending in 2472 was closed and Plaintiff subsequently made a payment arrangement. Please see Exhibit 13.

46. As of June 13, 2026, Plaintiff's credit score was even further reduced to 606.

47. As a result of Bank of America's false and inaccurate reporting and confirmation of a debt being owed to the credit reporting agencies and credit reporting agencies not doing a proper dispute investigation, the dispute and error have remained on the Plaintiff's credit report.

48. This resulted in a lower credit score and other creditors reducing her credit limits, which caused a further reduction in her credit

score.

49. Plaintiff's ability to seek additional credit was severely damaged by this false reporting by Defendants and Plaintiff suffered great financial and mental distress and damage as a result of the violations of the FCRA by Defendants.

50. As a result of the negative and inaccurate credit reporting, the Plaintiff's credit scores continue to be adversely affected, and her credit reputation continues to be wrongfully damaged as a result of the reporting inaccuracies stated above.

51. "The duty to correct an incomplete or inaccurate report equally extends to the discovery of both inaccurate or incomplete consumer information and to the discovery of consumer information that is materially misleading." *Boggio v. USAA Fed. Saving Bank*, 696 F.3d 611, 614 (6th Cir. 2012).

52. Consumer reporting agencies like Defendants TransUnion LLC, Equifax, Inc., and Experian Information Solutions, pursuant to Section 1681e(b) of the Fair Credit Reporting Act, are required to "follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report." *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004). Under this section, "liability flows only from a

'failure to follow (1) reasonable procedures (2) to assume maximum possible accuracy of the information (3) concerning the individual about whom the information relates. *Id* at 844. The reasonableness standard is "what a reasonably prudent person would do under the circumstances." *Id* at 844.

53. The Sixth Circuit has established that the elements necessary to assert a claim under 1681e(b) involve a Plaintiff proving (1) the Defendant reported inaccurate information about the Plaintiff; (2) the Defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the Plaintiff; (3) the Plaintiff was injured; and (4) the Defendant's conduct was the proximate cause of the Plaintiff's injury. *Nelski* at 844.

54. A credit report is "inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Poore v. Sterling Testing Systems, Inc.*, 410 F.Supp.2d 557 (E.D.Ky. 2006) See also *Dickens v. Trans Union Corp.*, 18 F. App'x 315, 318 (6th Circ. 2001).

55. An FCRA violation occurs when Credit Reporting Agencies provide information that creates a "materially misleading impression," that omits material to create "incomplete or inaccurate" information, or even

when a furnisher fails to identify that a consumer has disputed his information, when the dispute is a bona fide one that "could materially alter how the reported debt is understood." *Boggio v. USAA Federal Sav. Bank*, 696 F.3d 611, 617-18 (6th Cir. 2012).

56. As stated above and as a result of the damage caused by the Defendants and their failure to honor and abide by the FCRA, the Plaintiff seeks equitable damages, including correction of the subject trade line from the Plaintiff's credit report, along with monetary damages, both actual, punitive, and statutory due to the failure of the Defendants to properly modify or delete the account information at issue, in whatever amount a jury finds Defendants liable, plus attorney fees, litigation costs, and court costs.

WHEREFORE, Plaintiff requests that this honorable court Order Defendants TransUnion LLC, Equifax, Inc., and Experian Information Solutions to revise Plaintiff's credit report with accurate data, Order Defendant Bank of America refund any debt wrongfully incurred, and award Plaintiff her costs, and attorney fees incurred as well as any other remedy this Honorable Court determines is equitable and just based upon the circumstances.

COUNT I- Violation of the FCRA By Bank of America, NA, TransUnion LLC, Equifax, Inc., and Experian Information Solutions

57. Plaintiff incorporates by reference the aforementioned allegations and Exhibits as if restated fully herein word for word.

58. TransUnion LLC, Equifax, Inc., and Experian Information Solutions prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced a consumer report regarding Plaintiff as defined under 15 U.S.C. §1681a.

59. The above referenced reports provided to Plaintiff contained information that was false, misleading, and inaccurate as to Plaintiff owing or having owed a disputed and inaccurate debt obligation.

60. As stated above, by failing and/or refusing to properly investigate Plaintiff's dispute and request to correct, TransUnion LLC, Equifax, Inc., and Experian Information Solutions willfully refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff in violation of 15 U.S.C. § 1681e(b).

61. In the alternative, TransUnion LLC, Equifax, Inc., and Experian Information Solutions negligently refused and failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the

information it reported to one or more third parties pertaining to the Plaintiff in violation of 15 U.S.C. § 1681e(b).

62. After receiving Plaintiff's consumer dispute, TransUnion LLC, Equifax, Inc., and Experian Information Solutions willfully failed to conduct a *reasonable* investigation thereof as required by 15 U.S.C. § 1681i, such verified by the fact that TransUnion LLC, Equifax, Inc., and Experian Information Solutions failed to properly update the account information at issue after the Plaintiff issued her original disputes to Experian.

63. In the alternative, TransUnion LLC, Equifax, Inc., and Experian Information Solutions negligently failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i for the foregoing reasons.

64. In this instance, it is clear and obvious that TransUnion LLC, Equifax, Inc., and Experian Information Solutions (1) reported inaccurate information about the Plaintiff by Bank of America on the credit report that Plaintiff does not owe and is not obligated upon to her on her public reports, (2) the Defendants either negligently or willfully failed to modify that account information and/or modified it following the Plaintiff's dispute in such a way as to only enhance the previous misreporting of the account, (3) the Plaintiff has been injured and is now being injured by reporting on the accounts, and (4) but for the Defendants' conduct, that injury would not

have occurred. As a result, the Defendants were clearly in violation of § 1681e(b).

65. There is simply no doubt in this instance that the information currently being furnished by TransUnion LLC, Equifax, Inc., and Experian Information Solutions creates a materially misleading impression that the Plaintiff owes a collection account and current balance on the above debts and that Plaintiff's creditworthiness and reputation has been severally harmed by the actions of TransUnion LLC, Equifax, Inc., and Experian Information Solutions and Bank of America with the false credit reporting.

66. As a direct and proximate cause of TransUnion LLC, Equifax, Inc., and Experian Information Solutions's failure to perform its required duties under the FCRA, the Plaintiff has suffered actual damages, including denial and potential denial of credit, reduced opportunity for credit, increased costs, interest, and fees for credit, along with emotional distress, humiliation, and embarrassment.

67. False information was and continues to be furnished by TransUnion LLC, Equifax, Inc., and Experian Information Solutions.

68. Upon reinvestigation, TransUnion LLC, Equifax, Inc., and Experian Information Solutions reported erroneous credit information and consciously avoided knowing that the credit information was inaccurate in

violation of the FCRA, 15 U.S.C. §1681s2(b).

69. Defendants are liable to the Plaintiff by reason of its' violations of the FCRA in an amount to be determined by a jury together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this honorable court Order Defendants TransUnion LLC, Equifax, Inc., and Experian Information Solutions be ordered to revise Plaintiff's credit report with accurate data, Order Defendant Bank of America refund any debt wrongfully incurred, and award Plaintiff her costs, and attorney fees incurred as well as any other remedy this Honorable Court determines is equitable and just based upon the circumstances.

## COUNT II- Defamation

70. Plaintiff incorporates by reference the aforementioned allegations and Exhibits as if restated fully herein word for word.

71. TransUnion LLC, Equifax, Inc., and Experian Information Solutions caused to be published one or more written false statements which were intended to impeach the Plaintiff's honesty, integrity, credit worthiness, and/or reputation.

72. The Plaintiff is not a public figure.

73. The statements by each reporting agency to the public represent a slur on Erica Volansky's respective character, including her honesty, integrity, virtue, or reputation, as well as her credit worthiness.

74. The defamatory statements resulted in damages to the Plaintiff's honesty, integrity, credit worthiness, financial wellbeing and/or reputation.

WHEREFORE, Plaintiff requests that this honorable court Order Defendants TransUnion LLC, Equifax, Inc., and Experian Information Solutions to revise Plaintiff's credit report with accurate data, Order Defendant Bank of America refund any debt wrongfully incurred, and award Plaintiff her costs, and attorney fees incurred as well as any other remedy this Honorable Court determines is equitable and just based upon the circumstances.

## COUNT III- Violation of the FCRA by Bank of America

75. The Plaintiff incorporates by reference the aforementioned allegations and Exhibits as if restated fully herein word for word.

76. Pursuant to 15 U.S.C. 1681s-2(a)(1)(A), a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

77. Bank of America supplied inaccurate balance information and corresponding, misleading references to each respective credit reporting agency.

78. Every circuit to have addressed the issue holds that an investigation undertaken by a furnisher such as Bank of America upon receipt of the disputes such as those outlined in this case specific to each Plaintiff must be a reasonable one. *See Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 430-31 (4th Cir. 2004). The term "investigation" itself denotes a "fairly searching inquiry" or at least something more than a merely cursory review." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1155-57 (9th Cir. 2009).

79. A simple review of Bank of America's own records would have revealed that Plaintiff's dispute was justified and that the account required correction on the credit report of Ms. Volansky Please See Exhibit 4.

80. Even assuming a reasonable investigation was first undertaken by each respective credit reporting agency upon receipt of the Plaintiff's various disputes, Bank of America only then further violated the Fair Credit Reporting Act, 15 U.S.C. § 1682s-2(b) by falsely verifying the debt and it's true current status when contacted by TransUnion LLC, Equifax, Inc., and Experian Information Solutions to verify the respective disputes lodged by

each Erica Volansky and further, that TransUnion LLC, Equifax, Inc., and Experian Information Solutions subsequently provided updated account reporting specific to Bank of America that inaccurately set forth the account's history only further suggests a complete, systemic failure on the part of Bank of America to properly address the dispute of Plaintiff as required under the FCRA.

81. Bank of America reported inaccurate information concerning Erica Volansky to the above reporting agencies while doing so both prior to and following the Plaintiff's various disputes. The inaccurate and false information Bank of America is still being reported with TransUnion LLC, Equifax, Inc., and Experian Information Solutions.

82. Upon information and belief each agency forwarded the Plaintiff's respective disputes to Bank of America, which, received it and thereafter demonstrably failed to conduct a reinvestigation consistent with its' obligations as set forth in 15 U.S.C. 1682s-2(b)(1)(A)-(E).

83. Section 1682s-2(b) provides that after receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency;

(C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. In addition, a person shall complete all investigations, reviews, and reports under this subsection before the expiration of the period set forth under 15 U.S.C. § 1681i(a)(1).

84. As stated in the facts above, Bank of America committed such violations willfully or negligently thereby violating 15 U.S.C. §1681n and or §1681o.

85. Section 1861n provides that any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

86. Bank of America negligently and repeatedly violated 15 U.S.C. §§ 1681s-2(b) and 1681o; alternatively, Bank of America willfully violated 15 U.S.C. §§1681s-2(b) and 1681n.

87. In addition, when a person "willfully fails to comply with any requirement imposed...with respect to any consumer," that consumer may seek actual or statutory damages, as well as punitive damages and attorney's fees and costs. *Beaudry v. Telecheck, Servs., Inc.,* 579 F.3d 702, 705-06 (6th Cir. 2009).

88. The Plaintiff suffered clear and unequivocal damages because of these violations of the FCRA by Defendants.

WHEREFORE, Plaintiff requests that this honorable court Order Defendant Bank of America refund any debt wrongfully incurred, and award Plaintiff her costs, and attorney fees incurred as well as any other remedy this Honorable Court determines is equitable and just based upon the circumstances.

RESPECTFULLY SUBMITTED,

Gudeman & Associates, P.C.

Date: 7/27/26

/s/ Edward J. Gudeman
Edward J. Gudeman P14454
Attorney for Plaintiff
401 N. Main Street
Royal Oak, MI 48067
ejgudeman@gudemanlaw.com

(248) 546-2800